UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:07-CV-134 |
| v. | ) | (1:02-CR-20) |
| | ) | |
| MACQUILLIE WOODARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Presently before the court is *pro se* Defendant, Macquillie Woodard's ("Woodard's") Notice of Appeal seeking to appeal this court's denial of Woodard's petition pursuant to 28 U.S.C. §2255 to the United States Court of Appeals for the Seventh Circuit Request. In his Notice of Appeal, Woodard states that he will petition this court for a certificate of appealability within the next 30 days. However, because it is this court's practice to issue said certificates as promptly as possible after the filing of a notice of appeal, the court interprets Woodard as having requested issuance of such a certificate. *See* Fed.R.App.P. 22(b)(1) (indicating that upon filing of notice of appeal, the "district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue" and transmit the certificate or statement with the notice of appeal to the Court of Appeals). For the reasons that follow, no certificate of appealability will issue.

## DISCUSSION

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1).[1] Section

---

[1] Generally, once a Notice of Appeal is filed, a district court is divested of jurisdiction in a case. However, in the case of certificates of appealability, the Seventh Circuit, notwithstanding the filing of a Notice of Appeal, generally remands the case to the district court for a determination of whether a

2253(c)(2) provides that a certificate "may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  Section 2253(c)(3) adds that the certificate must "indicate which specific issue or issues satisfy the showing required by paragraph (2)."  As a practical matter,  "[t]he certificate is a screening device, helping to conserve judicial (and prosecutorial) resources.  The obligation to identify a specific issue concentrates the parties' attention (and screens out weak issues);  the limitation to constitutional claims also reduces the number of appeals while simultaneously removing a category of claim that ... has poor prospects." *Young v. United States*, 124 F.3d 794, 799 (7th Cir.1997).

As noted above, a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253. "A petitioner...must ... demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

Here, given the discussion in this Court's February 22, 2008 Opinion and Order, it cannot be said that the issues presented in Woodard's §2255 petition are debatable among jurists of reason. Indeed, in the Opinion and Order, this court indicated that Woodard had not proven any act of either constitutional or non-constitutional error by any of his four attorneys let alone point to any error that caused him prejudice.  Woodard's petition was rife with speculation as to various conspiracies he believed existed between counsel and Government agents, and argued that counsel failed to file pretrial motions, and obtain, evaluate, and seek all discovery in his case when the record clearly demonstrated this was incorrect.  In fact, one of the attorneys Woodard sought to have deemed

---

certificate should be issued. *See Williams v. United States*, 150 F.3d 639  (7th Cir. 1998) ("Circuit Rule 22.1(b) instructs litigants [seeking a certificate of appealability] to go to district courts first, and initial application to the district judge is good practice[.]").

ineffective was standby counsel who, as the court pointed out, has considerably limited obligations to a Defendant who has waived his constitutional right to counsel. Accordingly, Woodard failed to demonstrate either deficient performance by counsel or prejudice as a result of that allegedly deficient performance as is required by *Strickland v. Washington,* 466 U.S. 668 (1984), to prevail on an ineffective assistance of counsel claim.

In addition to his claims of ineffective assistance of counsel, Woodard made a frivolous *Booker* type argument as to the application of the career offender enhancement; he claimed that the court violated his right to a jury trial by enhancing his sentence based upon factual allegations not charged in the indictment and not proven beyond a reasonable doubt. As this court noted in its Opinion and Order, this argument is clearly frivolous in light of Seventh Circuit precedent. See *United States v. Brown*, 256 Fed.Appx. 801 (2007).

Given that the above principles are well-established in the law and, for this reason, are not debatable among jurists of reason, the Court cannot conclude that the issues in Woodard's 2255 petition are of such a caliber so as to encourage Woodard to proceed further. As such, a certificate of appealability is DENIED.

Entered: April 24, 2008

s/ William C. Lee, Judge
United States District Court