UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:02-CR-20 |
| | ) | |
| MACQUILLIE WOODARD, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the court is Defendant Macquillie Woodard's ("Woodard's") pro se Motion for Reduction pursuant to 18 U.S.C. §3582(c)(2) filed on November 10, 2008. The Government responded on November 24, 2008 to which Woodard replied on December 23, 2008. For the following reasons, the Motion for Reduction will be DENIED.

On July 14, 2008, the undersigned granted defendant Macquillie Woodard's ("Woodard's") request for appointment of counsel for the purpose of determining whether a Motion for Reduction pursuant to 18 U.S.C. §3582(c) was appropriate in light of the retroactive amendment to the crack guidelines. On September 26, 2008, appointed counsel for Woodard submitted a Notice to the Court informing the Court that because Woodard was sentenced as a career offender pursuant to U.S.S.G. §4B1.1, he was not eligible for a sentencing reduction under the amendment to the crack guidelines and therefore, a motion under 18 U.S.C. §3582(c) based upon the amendment to the crack guidelines was not appropriate in his case. On September 30, 2008, the United States Probation Office submitted an "Addendum to the Presentence Report" which further confirmed that even with the retroactive amendment Woodard was not eligible for a sentencing reduction under the 2007

1

crack cocaine guideline amendment because his guideline sentence defaulted to the sentencing range for career offenders as determined by U.S.S.G. §4B1.1.

Subsequently, on October 2, 2008, the court entered an Order setting out the aforementioned facts and providing Woodard 30 days to file a *pro se* motion under 18 U.S.C. §3582(c) if he disagreed with the assessment of counsel as to the applicability of the crack cocaine guideline amendment to his case. Woodard filed the present motion and, on November 17, 2008, the court permitted appointed counsel for Woodard to withdraw.

With respect to Woodard's Motion for Reduction, he argues that he is entitled to consideration for a reduction in his sentence and, in doing so, contends that his status as a career offender at the original sentencing was erroneous. Woodard also has filed *pro se* memoranda asserting that he is entitled to a reduction regardless of his career offender status.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n. 1(A).

In this case, Woodard was sentenced by this Court to a sentence of 210 months imprisonment. The Court adopted the findings of the Presentence Investigation Report and it is clear that the Guideline

range in the PSR was determined based on the fact that he was a career offender. U.S.S.G. § 4B1.1. Thus, the change in the calculation of the guideline range for crack offenses did not affect his Guideline sentencing range and, for this reason, the Court cannot reduce his sentence because the retroactive Amendment to the Guidelines does not apply to him. *United States v. Ayala-Pizarro,* ___ F.3d ___, 2008 WL 5338459, 2 (1st Cir. December 23, 2008) (rejecting appeal of denial of 3582(c)(2) where the sentence actually imposed was based on a sentencing range derived from the career offender guideline); *United States v. Straughter* 2008 WL 5233108, 2 (11th Cir. December 16, 2008) (finding defendant ineligible for a sentence reduction under § 3582(c)(2) because, "although Amendment 706 may have reduced his crack cocaine base offense level, it did not affect his final guideline range, which was based on the career offender enhancement."); *United States v. Sharkey,* 543 F.3d 1236, 1237 (10th Cir.2008) ((affirming the denial of a §3582(c)(2) motion because Amendment 706 had no effect on the career offender guidelines applicable to defendant); *United States v. Johnson*, 2008 WL 4189662, 1 (5th Cir. September 11, 2008) (Concluding that because the defendant's "guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense, [he] was not '"sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission.' § 3582(c)(2).").

Moreover, to the extent that Woodard is attempting to re-argue his classification as a career offender, any chance for him to do that has long passed. In fact, the issue has been waived since on appeal, Woodard did not appeal his conviction or his classification as a career offender, see *United States v. Woodard*, 408 F.3d 396 (7th Cir. 2005)("Woodard does not contest his latest conviction or the classification of his older convictions as crimes of violence but contends that his sentence is too high nonetheless.").

3

Finally, Woodard argues that pursuant to recent Supreme Court case law, i.e. *Kimbrough v. United States*, 128 S.Ct. 558, and *United States v. Booker* he is entitled to a resentencing due to the disparity in sentencing between crack cocaine and powder cocaine offenses. However, the court's authority to revisit a sentence is limited and, in this case, is dependent upon whether the defendant has an entitlement to relief under 18 U.S.C. §3582(c)(2). Indeed, 18 U.S.C. §3582(c) and U.S.S.G. 1B1.10 are discrete provisions granting only limited jurisdiction to reevaluate the sentence. Here, because Woodard has not demonstrated any entitlement to relief under §3582(c)(2), he is not eligible for resentencing.[1].

## **CONCLUSION**

Based on the foregoing, Woodard's Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) is DENIED. The Defendant is advised that he may appeal this Order to the Seventh Circuit Court of Appeals within ten (10) days as provided by Fed.R.App.P. 4(b). However, the court hereby DENIES any request for Woodard to proceed on appeal *in forma pauperis* as the appeal

---

[1] Even if relief was warranted under §3582(c)(2), it is questionable whether the court's jurisdiction to revisit the sentence extends beyond the limited reduction authorized by the sentencing commission in its amendments. *See United States v. Wise,* 515 F.3d 207 (3rd Cir. 2008); *United States v. Cruz,* 2008 WL 539216 (E.D.N.Y. February 27, 2008); *United States v. Gagot*, 534 F.Supp. 2d 212, 213 (D. Mass. 2008); *United States v. Kahlmorgan,* 2008 WL 1776894 (M.D.Fla. 2008). Only one court has held that a full resentencing is authorized by §3582(c). *See United States v. Hicks,* 472 F.3d 1167 (9th Cir. 2007) but see, United States v. Leroy. 2008 WL 4636725 (10th Cir. October 21, 2008) (holding that motions based on statute authorizing court to modify a sentence based on subsequent lowering of Sentencing Guidelines range by Sentencing Commission could not be used to present *Booker* claims seeking resentencing simply because *Booker* rendered the Guidelines advisory).

would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith.").[2]

SO ORDERED.

This 7th day of January, 2009

                                              s/ William C. Lee
                                              United States District Court

---

[2] In light of the large body of case law holding that no reduction in sentence is warranted where the defendant is sentenced pursuant to the career offender guideline sentence, no reasonable person could suppose the appeal to have merit.